UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-20054-CIV-COOKE/GOODMAN

FRANCO FRANCISCO AMPIE ALVAREZ,

    Plaintiff,

v.

COUNTER TOPS OF BROWARD CORP., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

Plaintiff Franco Francisco Ampie Alvarez filed a Motion for Entry of Final Default Judgment as to Defendants Counter Tops of Broward Corp., Master Millwork Design & Build LLC, Nestor Bernachea, and Thiago Rodrigues (collectively "Defendants"), and for an extension of time to file a motion regarding fees and costs to date along with future fees and costs at the conclusion of collection. [ECF No. 14]. United States District Judge Marcia G. Cooke referred the Motion to the Undersigned. [ECF No. 16].

For the reasons outlined below, the Undersigned **respectfully recommends** that the District Court **grant** the Motion.

I.   Background

Plaintiff filed this action against Defendants under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 for overtime wage violations. [ECF No. 1]. Plaintiff seeks unpaid overtime wages as follows:

> Half-time overtime per hour not compensated: **$8.50**
> Weeks: **38**
> Overtime hours per week: **20**
> Total overtime wages unpaid and liquidated damages: **$6,460 x 2 = $12,920**

[ECF No. 13-1 (Declaration of Franco Francisco Ampie Alvarez)]. Defendants were duly served with process [ECF Nos. 3-5], and when no responses were filed, a Clerk's Default was entered against Defendants on April 2, 2019 [ECF No. 12]. To date, there has been no response from Defendants.

Plaintiff then filed a Motion for Entry of Final Default Judgment. [ECF No. 13]. On April 17, 2019, Judge Cooke entered an Order to Show Cause requiring Defendants to show cause within seven days as to why the Plaintiff's Motion for Entry of Final Default Judgment should not be granted, which was served on Defendants by Plaintiff. [ECF Nos. 14; 15]. Defendants did not file any response.

II.   Analysis

    a.  FLSA Claim

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 becuase this case was brought under the FLSA. Plaintiff alleges unpaid overtime wages against Defendants, jointly and severally. [ECF No. 1]. Pursuant to the provisions of Federal Rule of Civil

Procedure 55, when a party against whom affirmative relief is sought has failed to plead or otherwise defend, as provided by the Rules of Civil Procedure, such as the Defendants in this action, a default shall be entered against that party. Because of the default, Defendants have admitted the well-pleaded allegations of the complaint. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005).

Thus, the Court must first determine whether there is sufficient basis in the complaint for judgment to be entered. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (internal citation omitted) ("A defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. . ."); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (stating "liability is well-pled in the complaint, and is therefore established by the entry of default").

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is in the record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearing in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.").

Here, Plaintiff has adequately pled all elements of an FLSA claim in the complaint. "The elements [of an FLSA overtime claim] that must be shown are simply a failure to pay overtime compensation . . . to covered employees . . . in accordance with the Act." *Secretary of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Plaintiff has adequately pled the dates Plaintiff worked for Defendants, the positions Plaintiff held, the average hours worked per week, and the average rate of pay. [ECF No. 1, pp. 3, 5]. Plaintiff has also pled that Defendants failed to pay overtime wage compensation. [ECF No. 1, p. 5]. Specifically, Plaintiff states that Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. *Id.* Thus, Plaintiff has adequately stated a claim for relief based on either negligent or willful violations of the FLSA.

Further, Plaintiff has alleged that Defendants are employers for purposes of the FLSA. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal citation omitted).

Here, Plaintiff alleges that Defendants were Plaintiff's FLSA employer for Plaintiff's respective period of employment. [ECF No. 1, pp. 1-2]. And Plaintiff alleges that the individual Defendants are "corporate officer[s] and/or owner[s] and/or

4

manager[s] of the Defendant Corporation[s] who ran the day-to-day operations of the Corporate Defendant[s] for the relevant time period," were "responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule," and were therefore "Plaintiff's employer as defined by 29 U.S.C. 203 (d)." [ECF No. 1, pp. 1-3]. Plaintiff states what he did for Defendants as a carpenter and provides the specific dates Plaintiff alleges he worked for Defendants. Therefore, Defendants are specifically, jointly and severally liable for the damages claimed in the instant lawsuit.

Further, Plaintiff alleges interstate commerce and the monetary threshold for FLSA enterprise coverage. *See Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008). Plaintiff alleges in the complaint that Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period, and that Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, such as operating heavy machinery to put together cabinets, closets, and kitchen remodels. [ECF No. 1, p. 3]. And Plaintiff alleges that Defendants Counter Tops of Broward Corp. and Master Millwork Design & Build LLC are joint enterprises for purposes of determining gross annual income regarding FLSA enterprise coverage, and have had gross sales or business of more than $500,000 annually for the years 2017 and 2018.

Thus, the Undersigned finds that Plaintiff has adequately pled FLSA coverage and is entitled to $12,920 in damages. [ECF No. 13-1 (Declaration of Franco Francisco Ampie Alvarez)].

**b. Attorney's Fees and Costs**

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the FLSA explicitly provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Therefore, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."); *cf. Olguin v. Florida's Ultimate Heavy Hauling*, No. 17-61756-CIV, 2019 WL 3426539, at *2 (S.D. Fla. June 5, 2019) (denying fees to the prevailing party "because the unique facts justify the conclusion that no fee is a reasonable fee and that a costs award would be unjust").

Further, absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

6

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Thus, if the District Court enters a default final judgment in Plaintiff's favor, as recommended here, then Plaintiff will be the prevailing party and entitled to reasonable attorney's fees under 29 U.S.C. § 216(b) and for costs under 28 U.S.C. § 1920.

Plaintiff requests an enlargement of time to submit one fees and costs motion at the conclusion of collection of the final default judgment so that Plaintiff's counsel does not submit piecemeal requests for attorney's fees and costs before and after collection of the judgment. The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's request for an enlargement of time to submit one fees and costs motion following collection of the final default judgment to prevent piecemeal motions.

However, the Undersigned does not make a recommendation here as to whether fees incurred in efforts to collect from Defendants post-judgment should ultimately be awarded. The "recoverability of fees for collection [on an FLSA judgment] remain unsettled." *Sandigo Aguinaga v. E.T. Zacapa Grp. Corp.*, No. 17-23052-CIV, 2019 WL 2254916, at *2 (S.D. Fla. Feb. 18, 2019) (discussing conflicting rulings in this district for

fees to collect on an FLSA judgment). But this question need not be answered now, as the Defendants may agree to pay the final default judgment, or alternatively, the fees incurred during collection efforts may prove to be unreasonable. *See id.* at *3 (finding that even if the Court were to consider an award for post-judgment fees, the fees incurred were not reasonable).

### III. Conclusion

Based on the foregoing, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's Motion for Entry of Final Default Judgment as to Defendants and enter a final default judgment in Plaintiff's favor against Defendants, jointly and severally, for the total amount of **$12,920,** and find that Plaintiff's counsel is entitled to recover a reasonable amount of attorney's fees and costs related to this matter. Further, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for an extension of time to file a motion regarding fees and costs to date along with future fees and costs at the conclusion of collection.

Plaintiff shall serve a copy of this Report and Recommendations on Defendants Counter Tops of Broward Corp., Master Millwork Design & Build LLC, Nestor M Bernachea, and Thiago Rodrigues, via U.S. Mail at the address at which Plaintiff effected service on them.

**IV.     Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 14, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

9